UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.,

      Plaintiff,

    v.

CENTRAL INTELLIGENCE AGENCY,

      Defendant.

Civil Action No. 24-1537 (PLF)

## JOINT STATUS REPORT

Pursuant to this Court's Minute Order (Mar. 27, 2026), Plaintiff, Judicial Watch, Inc., and Defendant, the Central Intelligence Agency, respectfully submit the following joint status report for this Freedom of Information Act ("FOIA") action.

1.     This case concerns three FOIA requests submitted from March 22, 2024, through March 27, 2024.  The FOIA requests appear at ECF Nos. 8-1, 8-2, and 8-3.

2.     In February 2025, Defendant requested that Plaintiff narrow its requests to exclude emails circulating publicly available news reports due to the volume of potentially responsive records the initial search produced.  Plaintiff requested the approximate number of records the initial search produced, but Defendant declined to provide that number.  Nonetheless, Plaintiff agreed to scope out emails circulating publicly available news reports that did not contain any email comments.

3.     Defendant issued an interim response to the subject FOIA requests on August 22, 2025, releasing two documents totaling four pages.  Defendant issued a final response to the subject FOIA requests on March 19, 2026, wherein it indicated no additional responsive records

had been located.  Neither of these responses included the number of records located by, processed by or withheld by Defendant.

4.  In June 2026, Plaintiff requested a draft search declaration from Defendant to explain the universe of records Defendant located, processed, and/or withheld, as well as a description of the search that might explain how the agency went from needing to narrow Plaintiff's request to producing just four pages.  Defendant declined to provide any further information.  Having no other means of determining whether Defendant carried its FOIA burden, Plaintiff challenges Defendant's search.

5.  Defendant avers that its final response dated March 19, 2026, sets forth the Agency's position as to its processing of Plaintiff's requests.  As a general rule, the FOIA does not require draft search declarations, and disputes concerning searches in FOIA cases are resolved on summary judgment.  Defendant therefore believes that Plaintiff's challenge to Defendant's search would be best resolved on a summary judgment record.

6.  The parties have conferred by email, in an attempt to resolve the dispute, but have been unable to do so.  Accordingly, in light of the foregoing, the parties respectfully propose that the court establish the following summary judgment briefing schedule:

| Filing | Deadline |
| --- | --- |
| Defendant's Motion for Summary Judgment | August 21, 2026 |
| Plaintiff's Response and Cross-Motion | September 21, 2026 |
| Defendant's Reply and Cross-Response | October 21, 2026 |
| Plaintiff's Cross-Reply | November 20, 2026 |

- 3 -

Dated: June 25, 2026

Respectfully submitted,


*/s/ Meredith Di Liberto*
MEREDITH DI LIBERTO
D.C. Bar No. 487733
PAUL J. ORFANEDES
D.C. Bar No. 429716
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel: (202) 646-5172
mdiliberto@judicialwatch.org
porfanedes@judicialwatch.org


*Counsel for Plaintiff*

JEANINE FERRIS PIRRO
United States Attorney


By: /s/ *William Thanhauser*
    WILLIAM THANHAUSER, D.C. Bar #1737034
    Assistant United States Attorney
    601 D Street, N.W.
    Washington, DC 20530
    (202) 252-7706

*Attorneys for the United States of America*

- 3 -