# Exhibit F

Central Intelligence Agency

Washington, D.C. 20505

August 22, 2025

Judicial Watch, Inc.
425 Third Street SW, Suite 800
Washington, DC 20024

Reference: **F-2024-02115; Civil Action # 24-cv-01537, *Judicial Watch, Inc v. CIA***

Judicial Watch Inc.,

This letter is an interim response to your **March 22, 2024 and March 27, 2024** FOIA requests, seeking:

(1) All documents and communications referring or relating to the Department of Justice or Internal Revenue Service investigation of Robert Hunter Biden, DPOB: February 4, 1970, Wilmington, DE.
(2) All documents and communications referring or relating to Attorney Patrick Kevin Morris, including but not limited to requests or efforts to interview Mr. Morris concerning Robert Hunter Biden.
(3) All records of communications including, but not limited to, emails and text messages between officials of the CIA and officials of the U.S. Justice Department regarding Hunter Biden and/or Hunter Biden's lawyer, Kevin Morris.
(4) All handwritten notes, transcripts, reports, memoranda, calendar entries and other records relating to any meetings between CIA officials and Justice Department officials regarding Hunter Biden's lawyer, Kevin Morris.

We are processing these requests in accordance with the FOIA, 5 U.S.C. § 552, as amended, and the CIA Information Act, 50 U.S.C. § 3141, as amended.

Upon additional review of the documents relevant to this FOIA case, we have identified two (2) documents that can be released in segregable form with redactions made on the basis of FOIA exemptions (b)(3) CIAAct, and (b)(6). The released documents are on the enclosed CD.

A final response will be provided to you on a later date.

Sincerely,

Stephen Glenn
Information and Privacy Coordinator

Enclosure: CD

FOR ADMINISTRATIVE USE ONLY

F-2024-02115; 24-cv-01537
August 22nd, 2025; 1st Production

**RIPPUB:**
C07196332
C07196501

UNCLASSIFIED

Central Intelligence Agency

Washington, D.C. 20505

04 April 2024

The Honorable Jim Jordan, Chairman
House Judiciary Committee
United States House of Representatives
Washington, D.C. 20515

The Honorable James Comer, Chairman
House Oversight and Accountablity Committee
United States House of Representatives
Washington, D.C. 20515

Dear Chairman Comer and Chairman Jordan:

Thank you for your March 21, 2024 letter related to an investigation of Hunter Biden. The letter cites a whistleblower allegation that the Central Intelligence Agency (CIA) sought to prevent Internal Revenue Service (IRS) and Department of Justice (DOJ) investigators from interviewing Patrick Kevin Morris. Without confirming or denying the existence of any associations or communications, CIA did not prevent or seek to prevent IRS or DOJ from conducting any such interview. The allegation is false.

As a general matter, and without specific reference to the issue about which you have inquired, CIA facilitates the Department of Justice's access to national security information in the context of investigations and prosecutions in a variety of circumstances. For example, CIA engages with DOJ to enable prosecutors to understand national security information that may arise in the course of an investigation and to assess their discovery obligations. CIA cooperates with law enforcement partners and does not obstruct U.S. law enforcement investigations or prosecutions. To the extent your letter seeks information about any ongoing federal law enforcement investigation or prosecution, the Department of Justice is the responsible agency.

If you have any questions about this matter, please do not hesitate to contact the Office of Congressional Affairs at [redacted] (b)(3) CIAAct

Sincerely,

[redacted] (b)(6)

James A. Catella
Director, Office of Congressional Affairs


UNCLASSIFIED

UNCLASSIFIED

Central Intelligence Agency

Washington, D.C. 20505

cc: The Honorable Jamie Raskin, Ranking Member
House Oversight and Accountablity Committee
Committee on the Judiciary
United State House of Representatives
Washington, D.C. 20515

The Honorable Jerrold L. Nadler, Ranking Member
Committee on the Judiciary
United State House of Representatives
Washington, D.C. 20515

UNCLASSIFIED

Central Intelligence Agency

Washington, D.C. 20505

25 June 2024

The Honorable James Comer, Chairman
House Oversight and Accountability Committee
United States House of Representatives
Washington, D.C. 20515

The Honorable Jim Jordan, Chairman
House Judiciary Committee
United States House of Representatives
Washington, D.C. 20515

Dear Chairman Comer and Chairman Jordan:

Thank you for your June 11, 2024 letter requesting additional information regarding CIA's response to your letter of March 21. After careful review of your letter and its attachments, we stand by the accuracy of our April 4 response.

By way of background, and without specific reference to the issue about which you have inquired, federal law enforcement and intelligence community (IC) agencies routinely consult regarding national security information that may be part of criminal discovery or may otherwise be pertinent to an investigation or prosecution. CIA and other IC agencies make national security information available to cleared law enforcement personnel as part of that process. That information ultimately may or may not be relevant to an investigation, and may or may not pertain to any aspect of an investigation.

When law enforcement personnel from another agency, including the Department of the Treasury or the Department of Justice, require access to classified and compartmented information controlled by CIA, those personnel must either have the appropriate clearances or be eligible for access to Sensitive Compartmented Information. That eligibility determination is ordinarily made by the investigator's "home" IC agency, not by CIA. Only once that determination is made and eligibility is either confirmed or granted by the home agency can CIA grant access to a specific CIA compartment. CIA's determination regarding access to a specific CIA compartment is entirely distinct from federal law enforcement's decisions about taking investigative steps for purposes of federal law enforcement investigations, including conducting interviews. CIA does not make those investigative determinations.

UNCLASSIFIED

Without confirming or denying the existence of any associations or communications, we respectfully suggest that the documents appended to the June 11 letter do not support the allegation that CIA intervened in an ongoing law enforcement investigation to prevent the interview of a potential witness. Instead, the documents appear to reflect interactions within the law enforcement investigative team regarding whether a member of the investigative team already had or would need to obtain appropriate read-ins to access compartmented information. This does not provide a basis for concluding that CIA refused to provide appropriate read-ins to any member of the investigative team. Further, with respect to the allegation in the documents appended to the June 11 letter that, "because of the information provided [in a briefing at CIA headquarters, Patrick Kevin Morris] could not be a witness for the investigation," this purports to characterize a conversation within the investigative team, not with CIA. CIA was not party to such a conversation and stands by the accuracy of our April 4 response.

Finally, we regret any misunderstanding regarding the April 16, 2024, call. The call was on an unrelated matter, and we believed we had indicated our willingness to follow up. If you have any questions, please do not hesitate to contact the Office of Congressional Affairs at [redacted] (b)(3) CIAAct [redacted] (b)(3) CIAAct

Sincerely,

[redacted] (b)(3) CIAAct (b)(6)

Acting Director, Office of Congressional Affairs

cc: The Honorable Jamie Raskin, Ranking Member
House Oversight and Accountablity Committee
Committee on the Judiciary
United State House of Representatives
Washington, D.C. 20515

The Honorable Jerrold Nadler, Ranking Member
Committee on the Judiciary
United State House of Representatives
Washington, D.C. 20515



UNCLASSIFIED