UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>Plaintiff,<br>v.<br>CENTRAL INTELLIGENCE AGENCY,<br>Defendant. | Civil Action No. 24-1537 (PLF) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS AND FURTHER STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S CROSS-MOTION**

Plaintiff Judicial Watch, Inc. by counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7(h), respectfully submits this response to Defendant's Statement of Undisputed Material Facts and Further Statement of Material Facts in Support of Plaintiff's Cross-Motion:

**RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS**

1. In support of its motion, Defendant has submitted a declaration by Mary C. Williams, Litigation & Investigations Information Review Officer, Information Review and Release Division, CIA. *See* Ex. I, Declaration of Mary C. Williams ("Williams Decl."). Ms. Williams is the original classification authority and the records searched are owned by and under the control of the U.S. government. Williams Decl. ¶¶ 1-2, 14.

Plaintiff's Response: Admit Ms. Williams' declaration was submitted in support of its motion, but Plaintiff lacks sufficient knowledge beyond Defendant's declarations to confirm or deny Ms. Williams' classification authority.

2. Between March 22 and 27, 2024, Plaintiff submitted three FOIA requests to CIA. Williams Decl. ¶ 7.

Plaintiff's Response: Admitted.

3. The first request ("Request No. 1") sought:

> 1. All documents and communications referring or relating to the Department of Justice or Internal Revenue Service investigation of Robert Hunter Biden, DPOB: February 4, 1970, Wilmington, DE.
>
> 2. All documents and communications referring or relating to Attorney Patrick Kevin Morris, including but not limited to requests or efforts to interview Mr. Morris concerning Robert Hunter Biden.

Williams Decl. ¶ 7; *see also* Memorandum in Support of Defendant's Motion for Summary Judgment (Def's Mem.), Exhibit A (ECF No. 20-1).

Plaintiff's Response: Admitted.

3.1 The second request ("Request No. 2") sought:[1]

> All records of communications including, but not limited to, emails and text messages between officials of the CIA and officials of the
> U.S. Justice Department regarding Hunter Biden and/or Hunter Biden's lawyer, Kevin Morris.

Williams Decl. ¶ 7; *see also* Def's Mem., Exhibit B (ECF No. 20-2).

Plaintiff's Response: Admitted.

4. The third request ("Request No. 3") sought:

> All handwritten notes, transcripts, reports, memoranda, calendar entries and other records relating to any meetings between CIA officials and Justice Department officials regarding Hunter Biden's lawyer, Kevin Morris.

---

[1] Defendant's Statement of Undisputed Material Facts contains two paragraphs with the number 3. Defendant's Statement of Undisputed Material Facts ("SUMF") (ECF No. 20-10) at pages 1-2. Plaintiff's counsel conferred with agency counsel and, because neither paragraph is contested, the parties decided to label the second paragraph 3 as "3.1."

Williams Decl. ¶ 7; *see also* Def's Mem., Exhibit C (ECF No. 20-3).

Plaintiff's Response: Admitted.

5. In response to Plaintiffs' FOIA requests, CIA completed an initial search for potentially responsive records. Williams Decl. ¶ 27.

Plaintiff's Response: Plaintiff lacks sufficient knowledge beyond Defendant's declarations to confirm or deny.

6. In (sic) its search, CIA used the following search terms:

i. "Patrick Kevin Morris / Kevin Morris (and additional name variants);"

ii. "Robert Hunter Biden / Hunter Biden (and additional name variants) AND laptop;" and

iii. "Robert Hunter Biden / Hunter Biden (and additional name variants) AND '51 formers.'"

Williams Decl. ¶ 26.

Plaintiff's Response: Plaintiff lacks sufficient knowledge beyond Defendant's declarations to confirm or deny.

7. CIA's search encompassed six different records systems: "(1) indices of all archived hard-copy Agency records; (2) electronic versions of all Agency records that have been reviewed and/or compiled for potential public release; and (3) multiple repositories of non-operational intelligence reporting from various sources; (4) electronic mail systems; (5) database for managing, coordinating, and archiving internal and external action items; (6) files maintained by individual custodians." *Id.* ¶ 25.

Plaintiff's Response: Plaintiff lacks sufficient knowledge beyond Defendant's declarations to confirm or deny.

8. "Where hard-copy files were identified as possibly containing relevant records, those

files were hand searched in their entirety without the use of terms or filtering mechanisms." Williams Decl. ¶ 25.

Plaintiff's Response: Plaintiff lacks sufficient knowledge beyond Defendant's declarations to confirm or deny.

9. The CIA's initial search yielded a large volume of publicly available news reports. *See* Williams Decl. ¶ 27.

Plaintiff's Response: Admitted in so far as Defendant communicated that the initial search yielded a large number of records. Denied in so far as Defendant communicated clearly that the large volume was "publicly available news reports."

10. CIA requested that Plaintiff narrow its requests to exclude such reports from processing. *See* Williams Decl. ¶ 27.

Plaintiff's Response: Denied. Defendant requested that Plaintiff exclude emails that circulated the publicly available news reports. Declaration of Chris Nelson ("Nelson Decl.") at ¶ 6; see also Declaration of Meredith Di Liberto ("Di Liberto Decl.) at ¶ 2.

11. Plaintiff agreed to CIA's request. Williams Decl. ¶ 27.

Plaintiff's Response: Denied. Plaintiff agreed to exclude only those publicly available news reports that were not commented on. Any email circulating a publicly available news report that contained comment of any kind should have been produced. Nelson Decl. at ¶ 6; see also Di Liberto Decl. at ¶ 4.

12. CIA personnel "conducted thorough and diligent searches of relevant systems of records" that were "reasonably calculated to find documents . . . responsive to Plaintiff's requests . . . ." Williams Decl. ¶¶ 24-25.

Plaintiff's Response: Denied. Defendant's Declarant, Mary C. Williams, makes it clear that Defendant included limiting search terms not contained in Plaintiff's requests and

purposefully narrowed "Hunter Biden" by adding those improper search terms. Williams Decl. ¶¶ 6. Defendant may have also improperly expanded Plaintiff's narrowing agreement. *Id.* at ¶¶ 10-11; Nelson Decl. at ¶ 6.

13. On August 22, 2025, CIA issued an interim response to the subject FOIA requests, releasing, in part, two documents totaling four pages. Williams Decl. ¶¶ 10-11; *see also* Def's Mem. at Exhibit F (ECF No. 20-6).

Plaintiff's Response: Admitted.

14. The released documents were unclassified letters sent by the CIA in response to inquiries from members of the House Committee on Oversight and Accountability. Williams Decl. ¶ 29; *see also* Def's Mem., Exhibit F (ECF No. 20-6).

Plaintiff's Response: Admitted.

15. In these letters, CIA generally denied a whistleblower allegation shared by the members, "[w]ithout confirming or denying the existence of any associations or communications." *See* Ex. F.

Plaintiff's Response: Plaintiff directs the Court to the letters for the most accurate assessment. *See* Williams Decl., Exhibit. F (ECF No. 20-6).

16. In its August 22, 2025, release, CIA withheld contact information for Agency personnel under FOIA Exemptions 3; and personally identifiable information about a CIA employee under Exemption 6. Williams Decl. ¶¶ 31-36; *see also* Ex. F.

Plaintiff's Response: Admitted as to the information regarding Exemption 6. Denied as to the information regarding Exemption 3 in so far as Defendant relied on Exemption 3 to withhold a name as well: the Acting Director of Congressional Affairs. *See* Def's Mem., Exhibit F (ECF No. 20-6) at page 7.

17. For the information withheld under Exemption 6, CIA is not aware of any countervailing

public interest that would be served by the disclosure of the personal information in these categories. Williams Decl. ¶ 35.

Plaintiff's Response: This statement presents a legal conclusion to which no response is required. To the extent that a response is required, Plaintiff denies this statement.

18. Moreover, "[i]f (sic) disclosed, the withheld information could be used by nefarious actors to impersonate the employee, steal the employee's identity, or for other malicious purposes." Williams Decl. ¶ 35.

Plaintiff's Response: This statement presents a legal conclusion to which no response is required. To the extent that a response is required, Plaintiff denies this statement.

19. On March 19, 2026, CIA issued a final response letter, notifying Plaintiff that the agency had completed processing its FOIA requests. Williams Decl. ¶ 10; *see also* Ex. G.

Plaintiff's Response: Admitted.

20. In its final response letter, CIA stated that it could neither confirm nor deny the existence or nonexistence of records responsive to Plaintiff's requests. Williams Decl. ¶ 10; *see also* Ex. G. CIA cited FOIA Exemptions 1 and 3, *see* 5 U.S.C. §§ 552(b)(1), (b)(3), and specified, as relevant sources, Section 3.6(a) of Executive Order 13526 for Exemption 1, and Section 6 of the Central Intelligence Agency Act of 1949, 50 U.S.C. § 3507, and Section 102A(i)(1) of the National Security Act of 1947, 50 U.S.C § 3024(i)(1), for Exemption 3. Williams Decl. ¶ 10; *see also* Ex. G.

Plaintiff's Response: Admitted in so far as the Exemptions and sources were stated in Defendant's letter. *See* Williams Decl., Exhibit G (ECF No. 20-7).

21. In its final response letter, CIA also conveyed that it had conducted a final review for additional responsive records that did not implicate its *Glomar* invocation, but found none. Williams Decl. ¶ 10; *see also* Ex. G.

Plaintiff's Response: Admitted.

22. In this case, disclosing the existence of documents responsive to Plaintiff's requests would "tend to reveal the CIA's intelligence priorities or areas of focus" and, in so doing, "disclos[e] intelligence activities, sources, and methods." Williams Decl. ¶ 17.

Plaintiff's Response: This statement presents a legal conclusion to which no response is required. To the extent that a response is required, Plaintiff denies this statement.

23. Conversely, "disclosing the nonexistence of these records might reveal intelligence gaps or areas of lessened scrutiny, which also reveals information regarding intelligence sources and methods." Williams Decl. ¶ 17.

Plaintiff's Response: This statement presents a legal conclusion to which no response is required. To the extent that a response is required, Plaintiff denies this statement.

24. "Terrorist organizations, foreign intelligence services, and other hostile groups continually gather details regarding the CIA's specific intelligence capabilities, authorities, and interests and attempt to use this information to their advantage." Williams Decl. ¶ 18.

Plaintiff's Response: This statement presents a legal conclusion to which no response is required. To the extent that a response is required, Plaintiff denies this statement.

25. "In order to effectively collect and analyze foreign intelligence and counterintelligence, [CIA] must avoid disclosing the subjects of its collection and the manner in which the Agency pursues its targets." Williams Decl. ¶ 18.

Plaintiff's Response: This statement presents a legal conclusion to which no response is required. To the extent that a response is required, Plaintiff denies this statement.

26. "Confirming or denying the existence of responsive documents concerning people, locations, or organizations at issue in . . . Plaintiff's FOIA requests, and, as a consequence, highlighting the methods by which Agency officers engage in intelligence gathering as well as

other sources and methods, could reasonably be expected to cause damage to national security because such an admission would reveal broader patterns about the intelligence collection priorities of the Agency and sensitive details about the nature and/ or scope of the CIA's intelligence sources, methods, and activities, which could, in turn, be exploited by adversaries." Williams Decl. ¶ 18.

Plaintiff's Response: This statement presents a legal conclusion to which no response is required. To the extent that a response is required, Plaintiff denies this statement.

27. In performing its search, CIA "conducted a page-by-page and line-by-line review of these documents, and released all reasonably segregable, non-exempt information." Williams Decl. ¶ 30.

Plaintiff's Response: This statement presents a legal conclusion to which no response is required. To the extent that a response is required, Plaintiff denies this statement.

28. "After reviewing the records at issue, [Ms. Williams] . . . determined no additional information can be released without jeopardizing statutorily-protected information or individuals' personal privacy that outweighs the public's interest in disclosure." Williams Decl. ¶ 30.

Plaintiff's Response: This statement presents a legal conclusion to which no response is required. To the extent that a response is required, Plaintiff denies this statement.

**PLAINTIFF'S FURTHER STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

29. On February 10, 2025, counsel for Defendant informed Plaintiff that the initial search "picked up a large number of records" and requested that Plaintiff exclude "emails circulating publicly available news reports" to decrease the number of responsive records. Declaration of Meredith Di Liberto ("Di Liberto Decl.") at ¶ 2.

30. Plaintiff asked Defendant for an approximate universe of records found during the initial search, but Defendant refused to provide any further information. Di Liberto Decl. at ¶ 3.

31. Plaintiff agreed to exclude publicly available news reports that were not commented on from the search. Di Liberto Decl. at ¶ 4.

32. In the August 22, 2025, record production cover letter, Defendant referenced the subject matter of all three requests but did not distinguish which request(s) or part of the request(s) the records were responsive to. Di Liberto Decl. at ¶ 5 *see also* Def's Mem., Exhibit F (ECF No. 20-6).

33. In its March 19, 2024, response letter, Defendant identified the legal basis for its *Glomar* claim but did not identify which part or parts of the requests were related to its decision to neither confirm nor deny. Di Liberto Decl. at ¶ 9; *see also* Def's Mem., Exhibit G (ECF No. 20-7).

34. The Defendant's April 4, 2024, response letter to members of the U.S. House Committee on Oversight and Accountability, produced to Plaintiff on August 22, 2025, stated that the allegation of CIA interference into the federal investigation into Hunter Biden was false. Di Liberto Decl. at ¶ 6; *see also* Def's Mem., Exhibit F (ECF No. 20-6) at page 4.

35. Defendant added unrelated limiting search terms to the subject "Hunter Biden" in Plaintiff's requests and did not run the name as a standalone search. Nelson Decl. at ¶ 9.

Dated: September 21, 2026

Respectfully submitted,

*/s/ Meredith Di Liberto*

MEREDITH DI LIBERTO
D.C. Bar No. 487733
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Telephone: (202) 646-5172
Email: mdiliberto@judicialwatch.org

*Counsel for Plaintiff*