UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>Plaintiff,<br>v.<br>CENTRAL INTELLIGENCE AGENCY,<br>Defendant. | Civil Action No. 24-1537 (PLF) |

**DECLARATION OF CHRIS NELSON**

I, Chris Nelson, declare the following to be true and correct:

1. I am a Senior Investigator with Judicial Watch, Inc., a position I have held for approximately four and a half years. In that capacity, I develop, submit, and manage Freedom of Information Act requests on behalf of Judicial Watch and support the litigation of those requests, including by reviewing agency responses, search descriptions, and the declarations agencies file in support of their searches and withholdings.

2. My background includes approximately 35 years of federal service as an intelligence operations specialist and special agent (investigator), including counterintelligence and counterterrorism work. Through that career and through my work at Judicial Watch, I am familiar with how federal agencies design and conduct searches for records, apply statutory exemptions, and invoke the "neither confirm nor deny" response commonly known as a *Glomar* response. That experience informs my review of the CIA's search description and my assessment of whether the search the agency described was reasonably designed to locate the records I requested.

3. On March 27 2024, I submitted a Freedom of Information Act ("FOIA") request to the Central Intelligence Agency ("CIA") seeking records regarding Robert Hunter Biden ("Biden") and Patrick Kevin Morris ("Morris") related to the allegation that the CIA had interfered in the federal tax investigation of Biden. Complaint ("Compl.") (ECF No. 1) at ¶ 5.

4. The CIA formally acknowledged my request on April 5, 2024. *Id.* at ¶ 8.

5. I am familiar with the two additional and related requests sent to the CIA by my colleague, William Marshall. *Id.* at ¶¶ 6-7.

6. On February 13, 2025, Plaintiff's counsel informed me that the CIA's search yielded a large number of records and that the CIA was requesting that we agree to exclude publicly available news reports from the search. I agreed that publicly available news reports without comment could be excluded. Declaration of Meredith Di Liberto ("Di Liberto Decl.") at ¶¶ 2, 4; *see also* Plaintiff's Response to Defendant's Undisputed Material Facts and Further Statement of Material Facts in Support of Plaintiff's Cross-Motion (Plf's SMF") at ¶¶ 29, 31. The summary judgment documents do not make it clear whether the CIA conducted its search in accordance with our agreement, or whether the CIA excluded all publicly available news reports – even those with commentary. *Compare* Williams Decl. (ECF No. 20-9) at ¶ 27 (stating that Plaintiff agreed to exclude publicly available news reports "without commentary," and then, in the same paragraph, that the CIA "re-ran its searches with the news reports excluded"), with Defendant's Statement of Undisputed Material Facts (ECF No. 20-10) at ¶¶ 10-11 (describing the agreement as excluding "such reports," without the "without commentary" qualifier). Based on my review, the summary judgment record does not establish that the CIA limited its exclusion to news reports without commentary, which is the only category of news reports I agreed could be withheld.

7. On August 31, 2026, I reviewed the CIA's summary judgment documents. In my review, I noted that the CIA declarant, Mary C. Williams, described for the first time what search terms were used by the agency. *See* Declaration of Mary C. Williams, Litigation & Investigations Information Review Officer, Information Review and Release Division, Central Intelligence Agency ("Williams Decl.") (ECF No. 20-9) at ¶ 26. Included in this description were two additional, limiting search terms that the CIA applied to Biden's name. *Id*. Neither of the search terms – "laptop" and "51 formers" – was included in any of the FOIA requests that I sent the CIA. Compl. at ¶ 5-7. In fact, the search description looks as if it is describing a different FOIA request I submitted a few years ago.

8. Also of concern was the manner in which the CIA ran the two names Biden and Morris – specifically, the CIA ran Morris as a standalone term, but gated Biden's names behind limiting terms. *See* Williams Decl. (ECF No. 20-9) at ¶ 26. This inconsistent manner of searching betrays, in my experience, an agency trying to withhold otherwise releasable records.

9. The two terms the CIA paired with Mr. Biden's name – "laptop" and "51 formers" – refer to a separate, well-known public controversy involving the provenance of a laptop and an October 2020 statement by former intelligence officials. That controversy is not the subject of my requests, which sought records concerning the Department of Justice and Internal Revenue Service investigation of Mr. Biden. None of the three search strings the CIA described contains any term reaching that investigation, such as "DOJ," "IRS," "investigation," "prosecution," "tax," or the name of the prosecutor. Based on my experience reviewing agency FOIA searches, a search reasonably calculated to locate the records I requested would have queried Mr. Biden's name on its own, or against terms describing the investigation itself, rather than confining it to two terms drawn from an unrelated matter.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Bunker Hill, West Virginia, on September 21, 2026.

/s/ Chris Nelson
Chris Nelson